## Case No. 15,456.

UNITED STATES v. JACKSON et al.

[3 Hughes, 231.] [1]

Circuit Court, E. D. Virginia. April 3, 1878.[2]

PLEADING ON OFFICIAL BONDS — REVENUE COLLECTOR.

On demurrer to a declaration on an official bond of a collector of taxes: *Held*, that where the bond does not identify the district in which the officer is to act, nor the date of his commission, nor the sort of taxes which the officer was to collect, nor the date of the act of congress under which the bond was given, and the condition of the bond is that the officer shall faithfully execute and discharge all the duties of "said office,"—in such case the declaration is demurrable and defective.

On defendant Lewis McKenzie's demurrer to the declaration.

BY THE COURT. This suit is brought by the United States against George W. Jackson and his sureties, upon a penal bond given May 29, 1866, for fifty thousand dollars. The condition set out in the bond is in the following words, viz.: Whereas the president of the United States hath, pursuant to law, appointed the said George W. Jackson collector of taxes, under an act entitled "An act to provide internal revenue to support the government, to pay interest on the public debt, and for other purposes;" now, therefore, if the said George W. Jackson shall truly and faithfully execute and discharge all the duties of said office, and shall justly and faithfully account for and pay over to the United States in compliance with the orders and regulations of the secretary of the treasury all public moneys which may come into his hands or possession, etc., then the obligation to be void, etc.

It will be observed that the words "for the 8th collection district of Virginia," which should have followed after the words "collector of taxes," are omitted. So also are omitted the following words or their equivalent, which should have been inserted after those describing the act of congress under which the bond is taken: "And, in due form of law, caused to be issued to him as such a commission, bearing date the ——— day of May, A. D. 1866." Indeed, all words are omitted which should have been employed to identify the sort of taxes which Jackson was to collect; the district in which he was to collect them and exercise the office of collector of taxes; and the commission under which he was to act, its date, and either its general purport or precise terms. The date of the act of congress referred to in the bond is not given. There is nothing to show whether Jackson was to collect taxes in a district yielding millions of dollars of revenue per annum, or in a district yielding next to no revenue at all. There is nothing to show that he was to be collector of taxes for any particular district; but, on the contrary, on the principle, expressio unius est exclusio alterius, the bond, in mentioning Jackson generally as a collector of taxes, would seem to exclude the inference that he was to be a collector for a particular district, so as to render inadmissible any evidence showing default as collector in any particular district. A reference in the bond to the commission might have identified the district for which he was collector; but even that is wanting.

There can be no office created by the president of the United States, except by authority of some express act of congress. There can be no general collection of taxes under the authority, and no general collection of taxes under the appointment of the president of the United States, because there is no law authorizing such a service or such an officer. All authority to act, and every office exercised under the government of the United States, must have the sanction of express law. Even if this were not strictly so, it is difficult to conceive of an office except as limited by some territorial jurisdiction. We cannot imagine a sheriff except as sheriff of some particular county or town, or of a marshal except as a marshal of some particular district. The designation of the district is an essential part of the style of such an office as this. As neither Jackson himself nor his securities can be bound to the United States except by authority of some express act of congress, let us see whether any act applicable to their bond exists. There may be many other acts, but there is at least one act of congress whose title corresponds with that in this bond, which is the act bearing that title, approved July 1, 1862 [12 Stat. 432]. If we assume that the act meant to be described by the words in the bond was an act of congress, that the government intended to be spoken of in the title of the act given in the bond was the government of the United States, and that the date of the act intended to be referred to in the bond was that of the 1st of July, 1862, and turn to the act entitled "An act to provide internal revenue to support the government to pay interest on the public debt," etc., approved July 1st, 1862, we shall find that that act nowhere authorizes the appointment of collectors of taxes generally, but only authorizes (in section 2) their appointment "for each collection district." The words "collector of taxes" generally, used in the bond, described an officer not known to the law, and the bond is void both from uncertainty of description, rendering it impracticable to prove a default by admissible evidence, and as describing an officer not known to the law of the United States, and therefore not capable of making default to the United States. The demurrer of the defendant Lewis McKenzie is therefore sustained.

[A writ of error was sued out from the supreme court where the judgment of this court was affirmed. 104 U. S. 41.]

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

[2] [Affirmed in 104 U. S. 41.]